ADOLPH RODEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roden v. Commissioner
Docket No. 7572-73.
United States Tax Court
T.C. Memo 1974-148; 1974 Tax Ct. Memo LEXIS 174; 33 T.C.M. (CCH) 654; T.C.M. (RIA) 74148; June 10, 1974, Filed. Adolph Roden, pro se. Andrew M. Winkler, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $378.00 in petitioner's income tax for the taxable year 1970. Petitioner resided in Morningview, Kentucky, at the time he filed his petition herein. He filed his Federal income tax return for 1970 with the district director of internal revenue, Louisville, Kentucky. The return was captioned "Adolph & Virginia W. Roden" but was signed only by petitioner. Nevertheless, petitioner claimed his wife as a dependent and the benefit of rates applicable to married persons filing joint returns. Respondent disallowed petitioner's wife as a dependent and also disallowed petitioner *175 use of the aforementioned rates. At the trial, petitioner did not contest the correctness of respondent's action in these respects. Indeed, it seems clear that the return in question was not a joint return and additionally, there was some indication that petitioner's wife had filed her own separate return for 1970. Under these circumstances, neither a joint return nor petitioner's claim of his wife as a dependent can be sustained. Sections 151(b) and 6013, Internal Revenue Code of 1954. Petitioner sought to claim additional deductions for taxes, medical expenses, etc., beyond the amount of the standard deduction built into the tax rate table which petitioner used at the time he filed his return and which respondent also used in calculating the deficiency. But petitioner had no evidence to support any such claims for 1970, and it seems clear that he is not entitled to any further deductions. From petitioner's statements at the trial, it was obvious that his main concern stemmed from his inability to pay the deficiency. As sympathetic as we may be with respect to petitioner's plight, there is no way in which this Court can ameliorate his situation. The possibility of collection *176 (and the financial capacity of the taxpayer) comes into play only after this Court has determined that some tax is due and is the responsibility of the district director of internal revenue. Decision will be entered for the respondent.